## WILLIAM CHILDS *vs.* MARY DOLAN.

The Gen. Sts. *c*. 140, § 43, do not require the affidavit of acts done in selling real estate, under a power of sale contained in a mortgage thereof, to state that the mortgagee has rendered an account to the mortgagor, or how he has disposed of the purchase money.

The owner of an equity of redemption is not entitled, as against the mortgagee, to be allowed for improvements made upon the premises.

WRIT OF ENTRY. At the trial in the superior court, before *Brigham*, J., a trial by jury having been waived, it appeared that the demandant claimed title under a sale of the premises, made under a power of sale contained in a mortgage thereof from Peter Curley and wife to Abiel S. Lewis, and assigned to the demandant, dated November 14, 1855. All the evidence of the proceedings in making the sale was from the demandant and the auctioneer, which was admitted under objection. The preliminary notice was duly proved. The demandant offered in evidence a duly certified copy of his affidavit of his acts done in selling the land; but this was excluded, because it did not state that he had rendered the surplus of the purchase money received by him, over and above the sum and interest due on the mortgage, and the expenses of sale, together with a true and particular account of the sale and charges, to the mortgagor or his assigns.

Peter Curley conveyed a part of the demanded premises to the tenant on the 6th of February 1856. The tenant claimed allowance for improvements made by her upon the premises conveyed to her, on the ground that she held the same under a title which she had reason to believe good. The judge overruled this claim, and ruled that the demandant was entitled to recover. The tenant alleged exceptions.

*W. Warren, Jr.*, for the tenant.

*N. C. Berry*, for the demandant.

CHAPMAN, J. The demandant's affidavit ought to have been admitted in evidence, for it contains all that is required by Gen. Sts. *c*. 140, § 43. It need not state the rendering of an account or the disposition that has been made of the purchase money.

The questions raised as to the admission of the other evidence as a substitute for it, are therefore immaterial.

The tenant's claim for improvements was properly rejected. Such a claim does not exist against the mortgagee or those claiming under him, in favor of a tenant who has possession of the land as owner of the equity. *Exceptions overruled.*